UNITED STATES DISTRICT COURT
DISTRICT COURT OF MARYLAND
SOUTHERN DISTRICT

| | |
|---|---|
| DENISE VENERO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY, MARYLAND, et al.<br><br>Defendants. | CASE NO.: 8:22-cv-01805-GJH<br><br>**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO PERMIT PROPOSED INTERVENORS TO INTERVENE AND PARTICIPATE IN THE HEARING FOR INJUNCTIVE RELIEF SCHEDULED FOR AUGUST 30, 2022, MOTION TO PERMIT INTERVENORS TO BE ADDED TO THE COMPLAINT, AND MOTION TO AMEND** |

Now comes Plaintiffs, by and through their Counsels, and pursuant to Federal Rules of Civil Procedure, R. 24(a), files this Memorandum in Support of the Emergency Motion to Permit Proposed Intervenors to Intervene and Participate in the Hearing for Injunctive Relief Scheduled for August 30, 2022, Motion to Permit Intervenors to be Added to the Complaint, and Motion to Amend.

Specifically, Plaintiffs and Proposed Intervenors are requesting this Court authorize PB Proud, Gryffin Danvers, Heather Curran, Jovan Ray, Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 to intervene as of right in the Motion for injunctive relief, and to participate in the hearing for Injunctive Relief scheduled for August 30, 2022, as they are members of the putative classes and their claims and legal issues are identical to those already being heard before the Court. Plaintiffs also motion the Court to permit the Intervenors to be added as parties to the Complaint and to permit an Amended Complaint to be filed adding the intervenors' facts, and without changing the causes of action, edit them to make them more concise.

1

Although it is Plaintiffs' position that Plaintiff Denise Venero does not lack Article III standing, the named persons above have an interest in this case and have identical claims and issues to those alleged in the complaint regarding Plaintiff Venero. The Facts for each of the above proposed intervenors are as follows.

**I.     PB Proud**

PB Proud is an 501(c)(3) organization, and is headquartered in the State of Maryland, in Prince George's County. PB Proud's motto is "Bettering the Lives of Block-Headed Dogs and Their Humans in PG". PB Proud's mission is, "to repeal the breed specific legislation ("pit bull ban") in Prince George's County, Maryland and guide the responsible integration of the banned dogs back into our community in a safe manner. PB Proud "will support, improve, and encourage enforcement of breed-neutral dangerous dog and responsible ownership laws to increase the joys of responsible human and dog relationships through training, support, spay/neuter, community education and outreach." PB Proud is an all-volunteer organization, and the volunteers include those that (1) have "Pit Bulls"; and/or (2) have dogs that could be characterized by Prince George's County as being "Pit Bulls"; and/or (3) desire to eliminate the discrimination of the breed specific Ordinance. Though PB Proud does not have a formal membership system, PB Proud has the support of, and represents the interest of, those who are discriminated against because their dogs are "Pit Bulls" and/or are mistaken for "Pit Bulls". PB Proud fights on their behalf to eliminate breed discrimination.

PB Proud posted on Instagram (@endpgbsl) and Next Door in order to obtain additional plaintiffs for the lawsuit. The posts have been shared by many people who support the Mission of PB Proud. Many people have relayed to PB Proud that they are members of and have the same claims as alleged for one or both of the putative classes and fear disclosing their name and

addresses out of concern that their dogs will be taken by the County. P.B. Proud's Affidavit is attached hereto as Exhibit A.

**II.     Gryffin Danvers**

Gryffin Danvers ("Danvers") is an individual and a resident of the State of Maryland, and a resident of Prince George's County. Danvers suffers from and has a history of suffering from PTSD and a multiplicity of other medical issues. Danvers mental and physical impairments substantially limits on or more of his major life activities, including self-care and mobility factors. In order to have equal use and enjoyment of his home, it is imperative that Danvers has the ability to live with his Service Dog. Danvers' Service Dog is named Reilly. Danvers also has two other service dogs. One is a retired Service Dog, and the other performs some basic tasks around the house for Danvers. All three dogs are licensed as Service Dogs with Prince George's County.

Reilly has the appearance of, or could be mistaken for, being predominantly of the breed of dogs known as Staffordshire Bull Terrier, American Staffordshire Terrier, or American Pit Danvers lives in Prince George's County with his Service dog that has characteristics of a "Pit Bull." On August 19, 2022 Lead Counsel Richard Rosenthal emailed a Request for Reasonable Accommodation to Benjamin E. Ruppert, one of Prince George's County's attorneys and Andrea L. Crooms, Acting Director of Prince George's County Department of Environment. The Letter stated,

> This letter serves as notice that my client, Gryffin Danvers, is requesting a reasonable accommodation from Prince George's County, under the Fair Housing Act and the Americans with Disabilities Act, to have his dog Reilly Crash Crisler to reside at his

3

> residence at 6606 Springbrook Lane, Clinton, MD 20735.  Mr. Danvers is a person defined by federal law as having a disability.  Mr. Danvers qualifies under the Americans with Disability Act and the Fair Housing Act to have a Service Dog.  The Service Dog license number is 112, according to the tag issued by Prince George's County.
>
> Mr. Danvers is requesting a reasonable accommodation from Prince George's County's breed restriction law.

To date no response regarding the Request for Reasonable Accommodation has been received from Prince George's County.  Gryffin Danvers' Affidavit is attached hereto as Exhibit A.

### III. Heather Curran

Heather Curran ("Curran") is an individual and a resident of the State of Maryland, and a resident of Prince George's County.  Curran suffers from and has a history of suffering from PTSD, including panic attacks, anxiety attacks, nightmares, and hypervigilance.  Curran's mental impairments substantially limits on or more of her major life activities, including ability to sleep, associate in public and maintaining interpersonal relations.  In order to have equal use and enjoyment of his home, it is imperative that Curran has the ability to live with her Emotional Support Dog named Luna.  Luna has the appearance of, or could be mistaken for, being predominantly of the breed of dogs known as Staffordshire Bull Terrier, American Staffordshire Terrier, or American Pit Bull Terrier.  Luna could be mistaken for being a "Pit Bull".

On August 23, 2022 Lead Counsel Richard Rosenthal emailed a Request for Reasonable Accommodation to Prince George's County Department of Environment, Acting Director, Andrea L. Crooms at ACrooms@co.pg.md.us.  To date no response regarding the Request for Reasonable Accommodation has been received from Prince George's County.  Curran's Declaration is attached as Exhibit G.

**IV.     Jovan Ray**

Jovan Ray ("Ray") is an individual and a resident of the State of Maryland, and a resident of Prince George's County.  suffers from and has a history of depression.  Ray's mental impairments substantially limits on or more of his major life activities, including ability to sleep, associate in public and maintaining interpersonal relations.  In order to have equal use and enjoyment of his home, it is imperative that Ray has the ability to live with his Emotional Support Dog named Marbles.  Marbles has the appearance of, or could be mistaken for, being predominantly of the breed of dogs known as Staffordshire Bull Terrier, American Staffordshire Terrier, or American Pit Bull Terrier.

Until his ESA (Marbles) was seized by Prince George's County in March 2022, Ray lived in Prince George's County with her.  On August 24, 2022 Lead Counsel Richard Rosenthal emailed a Request for Reasonable Accommodation to Prince George's County Department of Environment, Acting Director, Andrea L. Crooms at ACrooms@co.pg.md.us.

On March 15, 2022 two female Animal Control Officers arrived at Ray's home the same days after Ray's two dogs, Satin and Marble broke the lead they were tied to in the front yard. According to Prince George's County, the dogs attacked another dog in the neighborhood. No injury was noted on the dog that purportedly was attacked.  According to the Incident/Investigation Report dated March 15, 2022, the complaint received was "Brown Pit Bull at this address attacked neighbor dog who was being walked on leash."  The Incident Report signed by Animal Control Officer Fillman #903 states, "'Marbles' has been impounded due to [ ] County BSL (Pit Bull Law) and attacking neighbors dog."  Ray's girlfriend opened the door and spoke with this female Animal Control Officer.  The ACO informed Ray's girlfriend that Satin and Marble are "Pit Bulls" and that they needed to impound the two dogs.  At no time had this

5

female ACO ever seen the dogs, and Ray's girlfriend did not show her the dogs prior to them being impounded for being "Pit Bulls".

Later that same day, Ray spoke with Animal Control Officer Jacob Cooke and ACO Cooke told Ray that they would not impound Satin because she was not a "Pit Bull" and that Ray should have his veterinarian change the breed to make sure that the records did not state anything related to "Pit Bull". ACO Cooke told Ray that he determined Satin was not a "Pit Bull" based upon pictures taken by the female ACO. ACO Cooke then came to the home and forced Ray to give Marble his ESA to him. Ray informed ACO Cooke that Marble was his ESA, and showed him his ESA Registration Card. ACO Cooke said he did not recognized that ESA card as legitimate, and removed Marble from Ray's possession.

About two months after Marble was seized, Ray was permitted a visit with Marble. He was not allowed to interact with Marble, and had to remain outside of the kennel. Marble looked horrible. She had lost a lot of weight and looked sickly. ACO Cooke told Ray he could visit Marble again, but Ray mentally was unable to visit her again, due to the trauma he experienced the first time as to the condition of the facility and the condition of his ESA.

At the time ACO Cooke removed Marble from Ray's possession, ACO Cooke gave Ray a document titled "Pit Bull Terrier Re-Home Notice." That Notice states,

> **Pit Bull Terrier Re-Home Notice**
>
> In accordance with the Prince George's County Code of Ordinances, Subtitle 3- Division 6: Section 3-185.01 all dogs deemed Pit Bull Terriers are prohibited within the county. No resident may own, harbor, nor care for a Pit Bull Terrier within county limits.
>
> As you prepare to come before the Commission for Animal Control, you may have the opportunity to rehome your Pit Bull(s). You must provide proof of a location outside of the county the Pit Bull(s) will be transferred as well as the name of the new owner. If the new owner cannot attend the hearing with you and testify to the transfer of ownership, provide a notarized statement to the Commission with all the required information. The new owner must be a responsible adult at least 18 years of age. If the Commission grants you permission to rehome your Pit Bull(s), understand that the animal(s) may not re enter the county under any circumstances. Failure to comply with result in the immediate impoundmen of the animal(s) to become the property of Prince George's County.

It is apparent from the above "Pit Bull Terrier Re-Home Notice" that a person who is found to have a "Pit Bull" in Prince George's County has the option of transferring ownership of their dog to a person who resides outside of Prince George's County. The last sentence of the Notice states, "Failure to comply with (sic) result in the immediate impoundment of the animal(s) to become the property of Prince George's County. Upon information and belief, this "Pit Bull Terrier Re-Home Notice" is NOT given to most dog owners whose dogs have been labeled a "Pit Bull" and have been forcefully impounded by Prince George's County. Prince George's County is not authorized to impound a dog based upon Prince George's County's labeling of a dog as a "Pit Bull".

On or about August 26, 2022 Ray received an "Official Summons" from Prince George's County Commission for Animal Control, informing me that he was summoned to appear for a hearing on August 24, 2022 at 1:00 p.m. Ray had never received any Notice of Violation informing him of any charges or violation, and this Summons was the first that he had been informed of any violations. The Summons set forth the following charges,

7

> **CHARGES:**
>
> On March 15, 2022, Jovan Ray's dog was reported to have allegedly been running at large and attacked Ms. Ellen's dog 'Frack' a hound mix. The attack caused injury but was not life threatening. This is in violation of Section 3-131 'Manner of Keeping Animals', Section 3-135 'Animals at Large; Prohibited', Section 3-142 'Irresponsible Owner', Section 3-182 'Potentially Dangerous Animal', Section 3-185.01 'Pit Bull Terriers', and Section 3-186 'Vaccination of Ferrets Dogs, and Cats' of the Prince George's County Code.

On August 24, 2022 Ray attended the hearing on the above charges. There has not been a decision that he is aware of, and he does not know if Marble can be returned to him.

Ray's other dog Satin was also involved in the incident with the other dog, and Satin is Marble's sibling. However, Satin was not seized by Prince George's County and she has the same type of appearance as Marble who was seized for being a "Pit Bull." Ray is very concerned that an Animal Control Officer will seize his dog Satin for being a "Pit Bull" even though he has been told by ACO Cooke that my dog Satin is not a "Pit Bull." It makes Ray worried that even if he gets Marble back, both dogs could be seized again depending upon which ACO arrives at his door on any given day. Ray's Declaration is attached hereto as Exhibit B.

**V.     George Pena**

George Pena ("Pena") is a resident of the State of Maryland and lives in the County of Prince George, Maryland. On June 18, 2022 Pena's mother took his dogs Bubba and Heidi to the river near Riverside Park to play in the water and swim. His dogs love the water. While the dogs were swimming and playing fetch with his mother, they were unleashed. A man with his dog, came into the area where Pena's dogs were playing and swimming. His dogs got into a

8

fight with the other man's dog, and Pena's mother got bit by the man's dog as she tried to separate the dogs.

About two hours after this incident, Prince George's County Police and Animal Control showed up at Pena's house, and Animal Control Officer Deppner (#905) took his two dogs. Officer Deppner told Pena that within eight days Pena had to send in a copy of the vaccination records in order to get the two dogs back. Pena submitted to the Animal Shelter the vaccination records within eight day. As he did not hear from the Animal Control personnel at the eighth day mark, Pena called Officer Deppner to ask when he could get the dogs back. Officer Deppner told me him that they were going to send him a letter in the mail regarding his dogs.

Pena got the letter in the mail on July 2, 2022 and that letter was titled Notice of Violation dated June 23, 2022. The Notice of Violation stated,

> Section 3-131(c) 'Manner of keeping animals – No person shall keep or maintain any animal in Prince George's County in such manner as to cause or permit animal to be a public nuisance'; Section 3-135 'Animals at Large Prohibited'; Section 3-136 'Dangerous Animals'; Section 3-142 'Irresponsible Pet Owner'; Section 3-182 'Potentially Dangerous Animals'; Section 3-185.01 'Pit Bull Terriers'; and Section 3-186 'Rabies Vaccination of Dogs, Cats, and Ferrets'

The Notice of Violation stated that Pena would not get his dogs back,

> After thoroughly reviewing your case, the following decision has been made regarding your case.
>
> **We do NOT intend to return this dog to you.**

Pena received the Notice of Violation with only three days left by which to file the bond and appeal – which was July 5, 2022. The Fourth of July was a Holiday, so the Animal Facility was closed. Pena took off work on July 5, 2022 and went to the Animal Facility to pay the bond.

9

When he tried to pay the bond the lady at the front desk had no idea what he was talking about. He was able to speak with an animal control officer and he helped Pena to process the bond payment. Pena also submitted a request for a hearing to the Animal Commission.

After Pena paid the bond, he telephoned Officer Deppner because ACO Cooke did not answer his telephone calls. Pena telephoned Officer Deppner to discuss when he could get his dogs back. Officer Deppner told him to call ACO Cooke as he was the lead on the case or deals with those type of cases. Pena was able to reach ACO Cooke who told him that it would be 60 to 75 days before a hearing was held in his case. After 30 days had passed , he telephoned ACO Cooke again, to see if there was any update on my hearing and ACO Cooke stated that he had to keep waiting for the hearing. Pena then waited another 30 days, and telephoned ACO Cooke three times to get an update on how Bubba and Heidi were doing, and if there was any indication of when a hearing would be held. He never returned any of these calls.

On August 21, 2022 Pena emailed Edward L. Jefferson of Prince George's County, and asked when the hearing would be held. Mr. Jefferson responded on August 22, 2022 telling Pena his hearing was scheduled for October 12, 2022. It has been 69 days since Pena's dogs were taken by Prince George's County. Ray's Affidavit is attached hereto as Exhibit C.

## VI.   All Intervenors

All the Proposed Intervenors above, and four additional Intervenors, (Jane Doe 1, 2, 3 and John Doe 1) live in Prince George's County and possess dogs that have the appearance of a "Pit Bull." All Plaintiffs' dogs could be mistaken for being a "Pit Bull".

The Doe Plaintiffs (Jane Doe 1, 2, 3 and John Doe 1) fear that if Prince George's County learns their identities and addresses and that their dogs have the appearance of a "Pit Bull", that the County will forcefully seize, impound, and kill their dogs. Plaintiffs do not have notice of

10

what is prohibited under the "Pit Bull" Ordinance because there are not sufficiently clear standards such that persons of ordinary intelligence would be able to conform their conduct to the ban.  The Ordinances of Prince George's County fail to give the Plaintiffs fair warning of the prohibited conduct.

The Ordinances fail to provide any standard of conduct by which the Plaintiffs can determine whether or not their dog is a "Pit Bull.".  Prince George's County's failure to publicize the County's methodologies for determining whether a particular dog possesses "the physical characteristics of a Pit Bull Terrier more than any other breed of dog" deprives the Plaintiffs of fair warning of prohibited conduct and is unconstitutionally vague.

      The Doe Plaintiffs (Jane Doe 1, 2, 3 and John Doe 1) fear that if Prince George's County learns that their dogs have the appearance of a "Pit Bull", that the County will forcefully seize, impound, and kill their dogs without providing a prompt post-seizure hearings.

      Venero's claims as to, (1) Reasonable Accommodation under the FHA; (2) the failure of Prince George's county to comply with due process vis-à-vis failing to hold prompt post-seizure hearings; and (3) failure to have standards and guidelines for determining a dog as a "Pit Bull", are claims that are capable of repetition, yet evade review.  The fact that Venero got her dogs returned to her as a result of a hearing before the Animal Commission, does not cause her to lose standing.  The Animal Commission found that Venero was "NOT Guilty of violating Section 3-185.01 'Pit Bull Terriers'", but did not rule that her dogs were not Pit Bulls, and there is no rule or regulation that prevents the Defendants from again seizing the dogs and "re-evaluating" the dogs and again deciding they believe them to be Pit Bulls.

      According to the United States Supreme Court, "when a genuine threat of prosecution exists, a litigant is entitled to resort to a federal forum to seek redress for an alleged deprivation

of federal rights." *Wooley v. Maynard*, 430 U.S. 705, 710, 97 S. Ct. 1428 (1977).  The Animal Commission does not make it clear if the Commission found that Officer Cooke's determination that the dogs were "Pit Bulls" was incorrect, or if they themselves determined the dogs were not "Pit Bulls."  Therefore, it is a realistic possibility that the next Animal Control Officer that sees her dogs will determine they are "Pit Bulls" and they could be seized again.

Moreover, Venero's claims regarding the FHA and the "Pit Bull" Ordinance are "inherently transitory" and thus do not become moot.  "Inherently transitory claims "will certainly repeat as to the class, either because '[t]he individual could nonetheless suffer repeated [harm]' or because 'it is certain that other persons similarly situated' will have the same complaint.'"  *Pitts v. Terrible Herbst*, 653 F.3d 1081, 1090 (9th Cir. 2011) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975)).  Venero's claims "are 'capable of repetition, yet evading review,' and thus do not become moot." *Pitts*, 653 F.3d at 1090.  A class can still be certified even after Venero's claims become moot, based upon a "relation back" approach.  *Pitts*, 653 F.3d at 1090; *see also Cnty. v. Riverside v. McLaughlin*, 500 U.S. 44, 51-52, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991) (holding that even though the class was not certified until after the named plaintiffs' claims had become moot," the district court still had jurisdiction because the class claim was inherently transitory);  *Sosna v. Iowa*, 419 U.S. 393, 401, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975) (holding that the controversy "remains very much alive for the class of persons [the named plaintiff] has been certified to represent" even if it was "no longer alive as to" the named plaintiff).  The Doe Declarations regarding the need to remain anonymous, are attached hereto as Exhibit D, E, F, and H.[1]

---

[1] The Original Affidavits/Declarations of the Jane and John Does will be provided to the Court for an *in camera* review, if so requested.

**VII.    Meet and Confer**

Lead Counsel Richard Rosenthal has met and conferred by telephone with Prince George's County assistant attorney Elizabeth Adams and requested that she consent to adding the above Intervenors into the lawsuit. Her response was,

> Mr. Rosenthal,
>
> My apologies for having to hop off the phone earlier today. Following up on our conversation, it is my understanding that you want to file "anew caption" in the pending matter to add parties/change plaintiffs names to the FHA claim/class action suit, and are seeking our consent under the meet and confer requirement. I further understand that you do not consider any such change that to be an amended complaint, nor do you believe that you need the Defendants' consent.
>
> Respectfully, I believe your application of the Rule is wrong. My review of the Federal Rules reflect that "a new caption" is indeed adding/changing parties and that is, in indeed an amended complaint.
>
> Therefore, FRCP 15 applies. You have already amended your complaint "once as a matter of course." As such any further changes, including what you refer to as a "new caption" must be by leave of court. To that end, please be advised that we do not consent to any such change, and will object to a request for leave or for any other amendments. This correspondence should not be construed to be a waiver of any defense, claim or cause of action, including but not limited to any relief from the Court.
>
> Regards,
>
> Elizabeth Adams

**VIII.    Conclusion**

---

The Declarations of the Jane and John Doe were completed when a separate lawsuit was contemplated, but we felt it would be more appropriate to allow them to intervene in this lawsuit rather than making unnecessary work for the Court in having a separate lawsuit. If the Court desires the Declarations can be re-signed with the corrected caption.

For the reasons stated herein, Plaintiffs and the proposed Intervenors respectfully request that this Court authorize PB Proud, Gryffin Danvers, Heather Curran, Jovan Ray, Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 to intervene as of right in the Motion for injunctive relief, and to participate in the hearing for Injunctive Relief scheduled for August 30, 2022, as they are members of the putative classes and their claims and legal issues are identical to those already being heard before the Court. Plaintiffs also motion the Court to permit the Intervenors to be added as parties to the Complaint and to permit an Amended Complaint to be filed adding the intervenors' facts, and without changing the causes of action, edit them to make them more concise, together with such other, further and different relief as may seem to the Court just and proper.

Respectfully submitted this date of August 25, 2022

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
(NY Reg. No. 1637677)
545 E. Jericho Turnpike
Huntington Station, New York 11746
Phone: 718-261-0200
Fax: 718-793-2791
Email: richard@thedoglawyer.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2022 a copy of the foregoing Memorandum in Support was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL