IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DENISE VENERO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 22-cv-01805-LKG |
| ) | |
| v. ) | Dated:  March 26, 2024 |
| ) | |
| PRINCE GEORGE'S COUNTY ) | |
| MARYLAND, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

In this putative class action, Plaintiffs challenge the Prince George's County, Maryland's Pit Bull Ordinance, and the County's enforcement of that ordinance, under Section 1983, 42 U.S.C. § 1983, the Fair Housing Act, 42 U.S.C. § 3601, *et seq*., and Maryland law. *See generally*, ECF No. 7.  The Defendants have moved to dismiss this matter, pursuant to Fed. R. Civ. P 12(b)(6).  ECF No. 14. [1]  The motion is fully briefed.  ECF Nos. 24, 50 and 51.  No hearing is necessary to resolve this motion.  L.R. 105.6.  For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss; (2) **DENIES** as moot Plaintiffs' motion for temporary restraining order (ECF No. 20); (3) **DENIES** as moot Plaintiffs' motion to strike ECF No. 29 (ECF No. 30); (4) **DENIES** as moot Plaintiffs' motion for partial summary judgment (ECF No. 41); (5) **DENIES** as moot Plaintiffs' motion to intervene (ECF No. 19); and (6) **DISMISSES** the amended complaint.

---

[1] Plaintiffs have also filed the following motions, which the Court has held in abeyance pending the resolution of the Defendants' motion to dismiss: (1) motion for temporary restraining order (ECF No. 20); (2) motion to strike ECF No. 29 (ECF No. 30); and motion for partial summary judgment (ECF No. 41).

## II.   FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.   Factual Background

In this civil action, Plaintiffs challenge the Prince George's County, Maryland's Pit Bull Ordinance, and the County's enforcement of that ordinance, pursuant to Section 1983, the Fair Housing Act and Maryland law.  *See generally*, ECF No. 7.  In the amended complaint, Plaintiffs assert the following claims against the Defendants: (1) Section 1983-Fourteenth Amendment Procedural Due Process (Ordinance Notice); (2) Section 1983- Fourteenth Amendment Procedural Due Process (Ordinance Lacks Standards); (3) Section 1983-Fourteenth Amendment Equal Protection (Lacks rational Relationship); (4) Section 1983- Fourteenth Amendment Procedural Due Process (Ordinance Impermissibly Overbroad); (5) Section 1983-Fourth Amendment (Unreasonable Seizure); (6) Section 1983-Fourteenth Amendment Procedural Due Process (*Matthews*); (7) Section 1983-Fourteenth Amendment Procedural Due Process (Breed Evaluation); (8) Section 1983-Fourteenth Amendment Procedural and Substantive Due Process; (9) Fair Housing Act-Disparate Impact; (10) Fair Housing Act-Failure to Accommodate; (11) Section 1983-Fourteenth Amendment Equal Protection (Invidious Discrimination); (12) Section 1983- Fourteenth Amendment Procedural Due Process (Non-Pit Bull); (13) Section 1983-Fourth Amendment (Non-Pit Bull); (14) Section 1983-Fourth Amendment-Unreasonable Seizures (Non-Pit Bull); (15) Section 1983-*Monell*; and (16) Maryland Rule 7-401 through 7-403.  ECF No. 7.  As relief, Plaintiffs seek, among other things, to enjoin Defendants from enforcing the Prince George's County Pit Bull Ordinance, certain declaratory relief and other injunctive relief.  *Id*. at Prayer for Relief.

The Prince George's County "Pit Bull Ordinance"

As background, Prince George's County Ordinance Section 3-185.01, which is commonly referred to as the "Pit Bull Ordinance," provides that:

> (a) Except as provided below, no person shall own, keep, or harbor a Pit Bull Terrier within the County.

---

[2] The facts recited in this memorandum opinion are taken from the amended complaint; the Defendants' motion to dismiss; and the memorandum in support thereof.  ECF Nos. 7, 14, 14-1.

2

>   (b) Any person owning a Pit Bull Terrier prior to November 1, 1996, may continue to harbor the animal on his premises under the following conditions:
>
>>   (1) The animal shall be registered by the Administrator of Animal Control, and must at all times wear a tag provided by the Administrator which will readily identify it as a registered Pit Bull Terrier.
>>
>>   (2) The owner shall pay an annual fee of $50.00 to the Administrator of Animal Control to maintain such animals and support enforcement.
>>
>>   (3) The owner shall maintain the dog within a building or a secure kennel at all times. Whenever the dog is removed from the building or kennel it shall be secured by an unbreakable or unseverable leash and maintained under the control of an adult.
>
>   (c) A person may temporarily hold a Pit Bull Terrier in the County for the purpose of showing the dog in a place of public exhibition, contest, or show sponsored by a dog club, association, or similar organization. The sponsor of the exhibition or show must obtain written permission from the Director and must provide protective measures to prevent the dog from escaping or injuring the public. The dog shall at all times during the transportation to and from the show or exhibition be confined in a secure temporary enclosure.
>
>   (d) Any dog employed or owned by the County or licensed security services and trained to perform official police, correctional, security, fire and/or search and rescue service shall be exempt from the provisions of this Section.

Pr. George's Code, § 3-185.1. The Prince George's County Code defines "Pit Bull Terrier" as follows:

>   - Staffordshire Bull Terrier breed of dogs;
>   - American Staffordshire Terrier breed of dogs;
>   - American Pit Bull Terrier breed of dogs;
>   - Dogs which have the appearance of being predominantly of the breed of dogs known as Staffordshire Bull Terrier, American Staffordshire Terrier, or American Pit Bull Terrier. Predominantly shall mean that the dog exhibits the physical characteristics of a Pit Bull Terrier more than any other breed of dog; and

3

- Dogs which have been registered at any time as a Pit Bull Terrier.

Prince George's County Code, § 3-101(62).[3]

Also relevant to this dispute, the Prince George's County Code contains an animal control subtitle. Section 3-101(a)(63) of this subtitle defines a "potentially dangerous animal" as follows:

> [A]ny animal when unprovoked: demonstrates the potential to inflict bites on humans or an animal, whether on public or private property, by chasing or approaching a person in a menacing fashion or apparent attitude of attack; or any animal with a known propensity, tendency, or disposition to attack unprovoked, to cause injury, or to otherwise threaten the safety of humans or animals; or is running-at-large and has been impounded by law enforcement two (2) or more times within any twelve (12) month period. The term "potentially dangerous animal" shall not include dogs used by law enforcement officials when the dog is being used for legitimate law enforcement purposes.

Prince George's Code, § 3-101(a)(78). In addition, Section 3-135(b) of the Prince George's County Code provides, in relevant part, that "any animal found at large or running at large is declared to be a nuisance and dangerous to the public health, safety, and welfare." *Id*. at § 3-135(b). Lastly, the Prince George's County Code authorizes the impoundment of dangerous animals and provides, in relevant part, that:

> Whenever an animal has been impounded pursuant to this Section, the owner shall be notified within forty-eight (48) hours of the impoundment of a right to a preliminary hearing. The preliminary hearing shall be scheduled within seventy-two (72) hours of a written request by the owner. . .

*Id*. at § 3-136(c).

---

[3] The penalties for violating the Pit Bull Ordinance are as follows:

> Any person found to have violated any provision of Section 3-185.01 shall be fined up to $1,000.00 or may be sentenced to not more than six (6) months of imprisonment. A Pit Bull that causes injury to or kills a human being or a domestic animal without provocation shall be humanely destroyed, and the owner of such dog shall be fined up to $1,000.00 or may be sentenced to not more than six (6) months of imprisonment.

Prince George's Code, § 3-116.01(a) and (b).

The July 4, 2022, Incident

The essential facts relevant to Defendants' pending motion to dismiss are as follows: Plaintiffs own two dogs named Bella and Mimi (the "Dogs"). *See* ECF No. 7 at ¶ 54. The Dogs are Plaintiff Denise Venero's emotional support animals. *Id*. at ¶ 55.

On July 4, 2022, the Dogs escaped from their enclosure and ran at large in the neighborhood. ECF No. 7 at ¶¶ 83-84, 88. During the animals' elopement, the dogs came upon a Jack Russell Terrier that was tied to a tree and the Dogs attacked the Jack Russell Terrier. ECF No. 14-1 at 8. The Jack Russel Terrier was seriously injured as a result of the attack. *Id*. at 9.

On July 6, 2022, a Prince George's County Animal Control Officer arrived at Plaintiffs' home to impound the Dogs as a result of the July 4, 2022, Incident. ECF No. 7 at ¶¶ 96-99. An incident report states that the Dogs were being impounded, because they are "dangerous" and that "a breed evaluation will be conducted to confirm the breeds of each dog." *Id*. at ¶¶100-101. And so, the Dogs were impounded by Prince George's County pursuant to Sections 3-102-197 of the Prince George's County Code (the "Animal Control Code").

On or about July 11, 2022, the County sent Plaintiffs a notice of violation advising them that they were administratively charged with a variety of violations of the Animal Control Code. ECF No. 7-4. The notice of violation states, in relevant part, that:

> The Prince George's County Animal Services Division (PGCASD) has custody of one Brindle with white, S, Mastiff Mix and one Brown with white, S, Labrador mix. On July 7, 2022, Prince George's County Animal Services received a report from a citizen stating his dog, a 12yr old Jack Russel, was tied in the front yard with his kids out playing this weekend when the 2 Pit Bulls, 1 blackish brown and 1 white, from this address came onto his property and attacked his dog and caused severe injury. Citizen stated this is not the first issue with the dogs running at large. States the owners took forever to come and get their dogs then when his wife was trying to talk to the owner, they reached down to mess with their dog who was hurt and scared and it bit the attacking dog owner. Video of the incident was obtained by Animal Services. After review, the order was put out to impound the animals pending .a vicious dog hearing. Officer Deppner #905 responded to the address and impounded the dogs from the property.
>
> This incident is in violation of the following Sections of the Prince George's County Ordinance:

5

> Section 3-131(c) 'Manner of keeping animals - No person shall keep or maintain any animal in Prince George's County in such manner as to cause or permit animal to be a public nuisance'; Section 3-135 "Animals at Large Prohibited'; Section 3-136 'Dangerous Animals'; .Section 3-142 'Irresponsible Pet Owner'; Section 3-182 'Potentially Dangerous Animals'
>
> After thoroughly reviewing your case, the following decision has been made regarding your case.
>
> **<u>We do NOT intend to return these animals to you.</u>**

*Id*. at 1(emphasis in original.).

Plaintiffs requested a preliminary hearing, pursuant to Prince George's County Code Section 3-136(c), which the Defendants denied. ECF No. 7 at ¶¶146 and 151. And so, Plaintiffs commenced this litigation on July 22, 2022, seeking a temporary restraining order and preliminary and permanent injunctive relief, to, among other things, enjoin Defendants from enforcing the Pit Bull Ordinance and ordering Defendants to release the Dogs.

During the hearing on Plaintiff's motions for a temporary restraining order and preliminary and permanent injunctive relief, the Defendants agreed to release the Dogs, pending a preliminary dangerous dog hearing to be held on August 10, 2022. ECF No. 7 at ¶¶ 211-214. And so, the Dogs were released to Plaintiffs on July 24, 2022. *Id*. at ¶ 214.

On or about July 26, 2022, Defendants sent Plaintiffs an amended notice, which states, in relevant part, that:

> The Prince George's County Animal Services Division (PGCASD) was in custody of your two dogs, Bella and Mimi. . . . . While in possession of the two dogs, Bella and Mimi, PGCASD determined that the two dogs are in fact Pit Bulls Terriers under the definition in the County Code, 3-l0l(a)(62). The two dogs have since been returned to you upon agreement to kennel the dogs outside of Prince George's County pending the hearing before the Animal Control Commission ("Commission").
>
> Based on the above, you are in violation of the following Sections of the Prince George's County Code:
>
> Section 3-131(c) 'Manner of keeping animals - No person shall keep or maintain any animal in Prince George's County in such manner as to cause or permit animal to be a public nuisance' ($500 fine per dog for first offense); Section 3-135 "Animals at Large

> Prohibited' ($50 fine per dog for first violation); Section 3-136 'Dangerous Animals' (designation; no fine); Section 3-142 'Irresponsible Pet Owner' ($500 for first violation); Section 3-182 'Potentially Dangerous Animals' (designation; no fine); 3-185.01 'Pit Bull Terriers - no person shall own, keep, or harbor a Pit Bull Terrier within the County" ($25 per dog for first offense).
>
> As you are aware, your hearing before the Commission is set for August 10, 2022. You have the right to appear before the Commission if you contest any of the above violations /designations. Alternatively, you can accept the violations and designations and waive this hearing by paying the full amount of the fines, $1,650.00. . .

ECF No. 7-8.  On August 9, 2022, Plaintiffs filed a second motion for a temporary restraining order, which the Court denied.  ECF Nos. 10 and 11.

<u>The Commission's Hearing</u>

On August 10, 2022, the Prince George's County Animal Control Commission (the "Commission") held a hearing regarding the July 4, 2022, Incident involving the Dogs and made the following findings:

> 1.   The remaining matters to address in the August 10, 2022 hearing were whether the Dogs are in violation of Section 3-185.01 'Pit Bull Terriers' of the Prince George's County Code and if Plaintiff Denise Venero had the means to properly confine her dogs to her property.
>
> 2.   Officer Cooke #908 provided testimony regarding the standards used by Animal Services Division to determine whether or not a dog's physical characteristics match those typical of the breed of dog identified as Pit Bull Terriers. Breed evaluations are conducted when dogs reach adulthood to ensure all applicable physical features are expressed.
>
> 3.   Officer Cooke #908 did not perform the initial breed evaluation of Plaintiff Denise Venero's dogs but concurred with the determination after having the opportunity to view the dogs at the County shelter. Only three supervisor level Animal Control Officers are trained to perform the breed evaluations for Animal Services Division.
>
> 4.   Plaintiff Denise Venero presented documents from Montgomery County where she adopted 'Bella' showing that she was identified as a Lab mix. 'Bella' has Prince George's County license paperwork identifying her as a Lab mix.
>
> 5.   Plaintiff Denise Venero presented documents of 'Mimi' being a Yorkshire Terrier from Banfield Pet Hospital of Maryland City Plaza. 'Mimi' has Prince George's County license paperwork identifying her as a Mastiff.

> 6. In Prince George's County, breed information is self-reported and dogs are not evaluated in the shelter prior to licensing.
>
> 7. Plaintiff Denise Venero presented photos of upgrades made to the fencing of her parent's yard to ensure that the gates cannot be left open and shut automatically. The gate door now locks upon shutting.
>
> 8. Plaintiff Denise Venero understands the necessity of keeping her dogs secured on her property and the attack has made her vigilant in preventing them from getting free in the future.

ECF No. 21-1. The Commission concluded that: (1) Plaintiff Denise Venero was not guilty of violating Section 3-136 'Dangerous Animal' of the Prince George's County Code, by virtue of lack of evidence and (2) Plaintiff Denise Venero was not guilty of violating Section 3-185.01 'Pit Bull Terriers' of the Prince George's County Code, based upon the evidence. *Id*. And so, the Commission ordered Plaintiff Denise Venero to maintain gates and fencing to properly confine the Dogs on her property and required that the Dogs be leashed when taken off Plaintiffs' property. *Id*.

## The Plaintiffs' Allegations

Plaintiffs allege in the amended complaint that the Pit Bull Ordinance is unconstitutionally vague, because the ordinance fails to give adequate notice about what is prohibited by the ordinance. ECF No. 7 at ¶¶ 331-337. In this regard, Plaintiffs allege that the enforcement of the ordinance, which bans the ownership of any dog that possesses the physical characteristics of a Pit Bull Terrier more than any other breed, deprives them of "fair warning of prohibited conduct." *Id*. at ¶¶ 337.

Plaintiffs also allege that the Pit Bull Ordinance deprives them of substantive due process rights, because the enforcement of this ordinance burdens their fundamental right to a liberty interest in human/animal companionship. *Id*. at ¶¶ 425-430. Plaintiffs further allege that Defendants unlawfully seized the Dogs, in violation of their Fourth Amendment rights. *Id*. at ¶¶ 482-483.

In addition, Plaintiffs allege that the Defendants have violated the Fair Housing Act, by, among other things, forcing them and others to "be without their dogs for a significant period of time,' which disproportionately impacts minorities due to the population of Prince George's County. *Id*. at ¶¶ 434-447. Lastly, Plaintiffs allege that the Defendants have violated their constitutional rights pursuant to a policy and custom, and defective training, related to the

8

enforcement of the Pit Bull Ordinance. *Id*. at ¶¶ 512-515. And so, Plaintiffs seek, among other things, to enjoin Defendants from enforcing the Prince George's County Pit Bull Ordinance, certain declaratory relief and other injunctive relief. *Id*. at Prayer for Relief.

### B. Relevant Procedural Background

Plaintiffs commenced this matter and filed a motion for a temporary restraining order on July 22, 2022. ECF Nos. 1 and 2. Plaintiffs filed an amended complaint on August 3, 2022. ECF No. 3. Thereafter, Plaintiffs filed a second motion for a temporary restraining order on August 9, 2022. ECF Nos. 10, 11 and 13.

On August 19, 2022, Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF No. 14. On August 25, 2022, Plaintiffs filed an emergency motion to intervene and an emergency motion for a temporary restraining order. ECF Nos. 19 and 20. On November 22, 2022, Plaintiffs filed a motion to strike the Defendant's response in opposition to their motion for a temporary restraining order. ECF No. 30.

On May 18, 2023, Plaintiffs filed a motion for partial summary judgment. ECF No. 41. On June 7, 2023, the Court held in abeyance Plaintiffs' motions to intervene, for a temporary restraining order, to strike and for partial summary judgment. ECF No. 47.

On July 17, 2023, Plaintiffs filed a response in opposition to Defendant's motion to dismiss. ECF No. 50. On August 7, 2023, Defendant filed a reply brief. ECF No. 51.

The Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253

(4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

**B. Standing**

Article III of the Constitution limits the jurisdiction of federal courts to "[c]ases" and "[c]ontroversies," the "core component of [which is] standing." *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a Plaintiff must show: (1) that she "suffered an 'injury in fact'– or "an invasion of a legally protected interest which is . . . concrete and particularized," and "actual or imminent, not ' conjectural' or 'hypothetical;'" (2) a "causal connection between the injury and the conduct complained of," as the "the injury has to be 'fairly trace[able] to the challenged action of the defendant'" and not the result of "independent action of some third party not before the court[;]" and (3) that it is "'likely, as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. at 560-61 (internal citations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to establish standing, because in resolving a motion to dismiss, the Court "presum[es] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990).

As "the party invoking federal jurisdiction," the plaintiff has the burden of establishing standing. *Def. of Wildlife,* 504 U.S. at 561. A failure to establish any one of the elements of standing deprives the Court of jurisdiction and requires dismissal of the claim. *See Id*. (explaining that the elements of standing are not "mere pleading requirements but rather an indispensable part of the plaintiff's case[.]"). "To establish injury in fact, a plaintiff must show that she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins,* 578 U.S. 330, 339 (2016) (emphasis supplied) (citation omitted); *see also Weigel v. Maryland,* 950

10

F.Supp. 2d 811, 827 (2013). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way'… "the plaintiff 'personally has suffered some actual or threatened injury.'" *Spokeo,* 578 U.S. at 339 (internal citations omitted). An injury in fact must also be "concrete," meaning that the injury must be a "real" injury and "not [an] abstract" injury. *Id*. at 339-40. Lastly, the Supreme Court has held that "every class member" must demonstrate standing before a court certifies a class in a class action. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

### C. Mootness

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). In addition, [a] question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties," or "when the court can no longer fashion an effective remedy." *In Re Riddlemoser*, 317 Md. 496, 502 (1989); *D.L. v. Sheppard Pratt Health Sys., Inc.*, 465 Md. 339, 351-352 (2019) (citing *In re Kaela C., 394 Md. 432, 452 (2006)* (citations omitted). In addition, Maryland courts have held that "[w]hen a party is seeking an injunction," "[it] should not [be] issue[d] if the acts sought to be enjoined have been discontinued or abandoned." *City of Coll. Park v. Cotter*, 309 Md. 573, 580 (1987) (citing *Att'y Gen. v. Anne Arundel Cnty. Sch. Bus Contractors Ass'n, Inc.*, 286 Md. 324, 327 (1979); *State v. Neiswanger Mgmt. Serv., LLC*, 457 Md. 441, 455 (2018); *see State v. Ficker*, 266 Md. 500, 506-7 (1972); *see also United Bhd. of Carpenters and Joiners of Am. v. United Slate Tile & Composition Roofers*, 181 Md. 280, 282 (1943) ("[I]f it clearly appears to the court that there will not be a continuance thereof and the question has become moot, it is proper to refuse the writ."). But, "a case will not be dismissed as moot if matters of importance and general public interest are involved under conditions such that they are likely soon to recur." *Lloyd v. Bd. of Supervisors of Elections of Balt. Cnty.,* 206 Md. 36, 39 (1954). And so, a case will also not be deemed moot "if the controversy between the parties is 'capable of repetition, yet evading review.'" *Powell v. Maryland Dep't of Health*, 455 Md. 520, 541 (2017) (citing *State v. Parker*, 334 Md. 576, 585-86 (1994).

### IV.  ANALYSIS

The Defendants have moved to dismiss this matter, pursuant to Fed. R. Civ. P.12(b)(6), upon the following 11 grounds: (1) this case is moot; (2) Plaintiffs lack standing; (3) Plaintiffs cannot serve a class representatives; (4) the Court should decline to address the constitutional

11

issues presented in this case; (5) the Pit Bull Ordinance is rationally-related to a legitimate government interest; (6) a dog owner's property interest is subject to the County's police powers and may be regulated; (7) Plaintiffs fail to state plausible due process, equal protection and Fourth Amendment claims in the amended complaint; (8) Plaintiffs have not shown irreparable harm or that the remedies at law are inadequate; (9) Plaintiffs' *Monell* claim fails as a matter of law; (10) Plaintiffs' petition for mandamus is not ripe; and (11) the employee Defendants in this case are entitled to public official and qualified immunity. *See generally*, ECF Nos. 14 and 14-1. And so, the Defendants request that the Court dismiss this matter with prejudice and without leave to amend. *Id*. at 40.

Plaintiffs counter that the Court should not dismiss this matter for several reasons. First, Plaintiffs argue that they are not obligated to exhaust administrative remedies before commencing this matter, because: (1) the Commission lacks subject-matter jurisdiction to enforce the Pit Bull Ordinance; (2) exhaustion is excepted for challenges to the County's administrative remedy; and (3) they are not required to exhaust their Section 1983 claim. ECF No. 50 at 11-20. Second, Plaintiffs argue that they have standing, and this case is not moot, because: (1) they have and will continue to suffer an injury in fact that is fairly traceable to Defendants and their injuries are likely to be redressed by a favorable judicial decision; (2) the Defendants alleged violations in enforcing the Pit Bull Ordinance is capable of repetition, yet evading review; (3) the County has not disavowed its intent to enforce the Pit Bull Ordinance in the future; and (4) they can assert standing for prospective relief for the proposed members of the class in this putative class action. *Id*. at 26-27. And so, Plaintiffs request that the Court deny the Defendants' motion to dismiss. *Id*. at 27.

For the reasons that follow, the amended complaint makes clear that Plaintiffs lack standing to pursue their claims in this putative class action, because they cannot show an injury-in-fact related to the County's enforcement of the Pit Bull Ordinance. Plaintiffs' claims in this matter are also moot, because Plaintiffs prevailed in their administrative challenge to the County's enforcement of the Pit Bull Ordinance related to the seizure of the Dogs. And so, the Court: (1) **GRANTS** the Defendants' motion to dismiss; (2) **DENIES** as moot Plaintiffs' motion for temporary restraining order (ECF No. 20); (3) **DENIES** as moot Plaintiffs' motion to strike ECF No. 29 (ECF No. 30); (4) **DENIES** as moot Plaintiffs' motion for partial summary

judgment (ECF No. 41); (5) **DENIES** as moot Plaintiffs' motion to intervene (ECF No. 19); and (6) **DISMISSES** the amended complaint.

### A. Plaintiffs Lack Standing

As an initial matter, the Defendants persuasively argue that the Court should dismiss this matter for lack of standing, because Plaintiffs cannot show that they have suffered an injury in fact. To establish standing, Plaintiffs must show, among other things, "(1) that they suffered an "injury in fact"– or an "invasion of a legally protected interest" which is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Def. of Wildlife*, 497 U.S. at 560-61 (internal citations omitted).

"For an injury to be 'particularized,' it 'must affect the [Plaintiffs] in a personal and individual way'… "the [Plaintiffs] 'personally [must have] suffered some actual or threatened injury.'" *Spokeo, Inc.*, 578 U.S. at 339 (internal citations omitted). An injury in fact must also be "concrete," meaning that the injury must be a "real" injury and "not [an] abstract" injury. *Id*. at 339-340. And so, "[Plaintiffs have] the burden of establishing standing," and their failure to establish any one of the elements of standing deprives the Court of jurisdiction and requires dismissal of the claim. *Def. of Wildlife,* 504 U.S. at 561.

In this case, a careful reading of the amended complaint shows that Plaintiffs lack standing to pursue this putative class action, because they have not alleged facts to show an injury-in-fact. And so, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to establish standing, because in resolving a motion to dismiss, the Court "presum[es] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan,* 497 U.S. at 889.

Plaintiffs allege in the amended complaint that the Prince George's County Pit Bull Ordinance is unlawful and unconstitutional, because the ordinance fails to give adequate notice about what is prohibited by that law. ECF No. 7 at ¶¶ 331-37. In this regard, Plaintiffs allege that they have been injured by the enforcement of the Pit Bull Ordinance, which bans ownership of any dog that possesses the physical characteristics of a Pit Bull Terrier more than any other breed, because the ordinance deprives them of "fair warning of prohibited conduct." *Id*. at ¶¶ 337.

Plaintiffs also allege that they have been harmed by the County's enforcement of the Pit Bull Ordinance, because their Dogs were unlawfully seized and Defendants are forcing them and

13

others to "'be without their dogs for a significant period of time.'" *Id.* at ¶¶ 434-47. And so, Plaintiffs seek, among other things, to enjoin Defendants from enforcing Pit Bull Ordinance. *Id.* at Prayer for Relief.

The amended complaint makes clear, however, that Plaintiffs have not suffered the injury alleged in this matter, because they are not being forced to be without their Dogs for a significant period of time. ECF No. 7 at ¶ 214. Rather, Plaintiffs acknowledge in the amended complaint that the County returned the Dogs to Plaintiffs on July 23, 2022. *Id.* at ¶¶ 216-23.

The amended complaint also makes clear that the County afforded Plaintiffs due process to challenge the enforcement of the Pit Bull Ordinance. Plaintiffs acknowledge in the amended complaint that they participated in a hearing before the Prince George's County Animal Control Commission regarding the July 4, 2022, Incident on August 10, 2022. Notably that Plaintiffs prevailed in that proceeding. *Id.* at ¶¶ 297-99; *see also* ECF No. 21-1. In fact, it is undisputed that the Commission determined during the hearing that:

- o Officer Cooke #908 did not perform the initial breed evaluation of Plaintiff Denise Venero's dogs but concurred with the determination after having the opportunity to view the dogs at the County shelter. . .

- o Plaintiff Denise Venero presented documents from Montgomery County where she adopted 'Bella' showing that she was identified as a Lab mix. 'Bella' has Prince George's County license paperwork identifying her as a Lab mix.

- o Plaintiff Denise Venero presented documents of 'Mimi' being a Yorkshire Terrier from Banfield Pet Hospital of Maryland City Plaza. 'Mimi' has Prince George's County license paperwork identifying her as a Mastiff.

ECF No. 21-1. And so, the Commission concluded that Plaintiff Denise Venero was not guilty of violating the County's Pit Bull Ordinance, based upon the evidence showing that the Dogs were not Pit Bull Terriers. *Id.*

Given the County's determination that the Dogs are not Pit Bull Terriers, or any other type of dog that would be subject to the Pit Bull Ordinance, and the undisputed fact that the County returned the Dogs to Plaintiffs on July 24, 2022, Plaintiffs have not shown that they have suffered an injury in fact in this case that is concrete, particularized and traceable to Defendants. Nor have Plaintiffs shown that their alleged injury in this case will be "redressed by a favorable decision" of this Court, given that they have already prevailed and the Dogs have been returned

to Plaintiffs. And so, the Court must dismiss Plaintiffs' claims in this putative class action for lack of standing.

Plaintiffs arguments to show that they have standing to pursue this matter are also unavailing. Plaintiffs first argue that they have standing, because the County's lack of the authority to impound the Dogs. ECF No. 50 at 11-14. But, a reading of the Prince George's County Code makes clear that the County does, in fact, possess the authority to impound the Dogs under circumstances where the Dogs, when unprovoked, demonstrate the potential to inflict bites on an animal. *See* Prince George's County Code, § 3-101(a)(63) (addressing "potentially dangerous animals" and providing that a potentially dangerous animal is "any animal when unprovoked: demonstrates the potential to inflict bites on humans or an animal . . .); *see also*,   Prince George's Code, § 3-135(b) (providing that "any animal found at large or running at large is declared to be a nuisance and dangerous to the public health, safety, and welfare."); Prince George's Code, §3-136(c)(providing that "[w]henever an animal has been impounded pursuant to this Section, the owner shall be notified within forty-eight (48) hours of the impoundment of a right to a preliminary hearing. . .) That is precisely what occurs in this case. ECF No. 7.

Plaintiffs' argument that they have standing to pursue this putative class action, because the Dogs are still subject to seizure under the Pit Bull Ordinance is also unpersuasive. ECF No. 50 at 25-30. As discussed above, the Commission concluded that Plaintiffs Dogs are not Pit Bull Terriers and subject to the Pit Bull Ordinance, based upon the evidence that Plaintiffs presented to the commission about the breed of the Dogs during the August 10, 2022, hearing. ECF No. 21-1. Given this, Plaintiffs have not shown that they could be prosecuted for alleged violations of the Pit Bull Ordinance in the future.

Plaintiffs' argument that have standing, because the Court may consider their Section 1983 claims in this case without first administratively exhausting their claims, is equally unavailing. Plaintiffs must administratively exhaust these claims through the County's administrative process before bringing such claims in federal court. *See, e.g.*, *Porter v. Nussle,* 534 U.S. 516, 529, 532, 122 S.Ct. 983, 991, 992 (2002) (exhaustion of administrative remedies applies to Prison Litigation Reform Act suits alleging a violation of 42 U.S.C. §1983.); *Woodford v. Ngo,* 548 U.S. 81, 85, 126 S. Ct. 2378, 2382–83, 165 L. Ed. 2d 368 (2006); *Laurel Racing Ass'n, Inc. v. Video Lottery Facility Location Comm'n*, 409 Md. 445, 460, 975 A.2d 894, 903 (2009)

15

("[A] party must exhaust the administrative remedy and obtain a final administrative decision . . . before resorting to the courts."). Because Plaintiffs have not shown that they have done so here, their Section 1983 claims are not sufficient to establish standing.

Finally, Plaintiffs have neither shown that the conduct challenged in this case is subject to repetition, yet evading judicial review, nor that the County's administrative process is insufficient to remedy the alleged constitutional violations in this case. Again, as discussed above, the Commission's determination that the Dogs are not Pit Bull Terriers, and thus, not subject to the Pit Bill Ordinance, precludes the future enforcement of the Pit Bull Ordinance with respect to Plaintiffs and their Dogs. And so, Plaintiffs and their Dogs are not at risk of the County repeating its enforcement of that ordinance. Plaintiffs also do not explain how the County's administrative process is insufficient to remedy the constitutional violations alleged in this case, given that they have now successfully participated in that administrative process and secured the return of the Dogs.[4]

Indeed, at bottom, Plaintiffs simply have not shown that they suffered an injury in fact that this Court can redress through a favorable decision. And so, the Court must DISMISS the amended complaint, for lack of standing.

### B. Plaintiff's Claims Are Also Moot

As a final matter, the Court observes that it must also dismiss this matter, because Plaintiffs' claims are moot. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496–97, 89 S. Ct. 1944,1951, 23 L. Ed. 2d 491 (1969) (citing E. Borchard, Declaratory Judgments 35—37 (2d ed. 1941). Maryland courts have also held that a claim moot if the acts sought to be enjoined have been discontinued or abandoned. *Att'y Gen. v. Anne Arundel Cnty.*

---

[4] As Defendants persuasively argue, Plaintiffs also lack commonality and typicality with respect to other owners of Pit Bull Terriers in Prince George's County, because they commenced this action before participating in the administrative review process for challenging enforcement of the Pit Bull Ordinance. This fact distinguishes plaintiffs from other members of the putative class. *See.* ECF No. 7 at ¶16 (describing members of the class as, among other things, all owners of dogs that have not been scientifically classified as breeds covered by the Pit Bull Ordinance that have been, or will be, seized and impounded by the County pursuant to the Pit Bull Ordinance.); *see also*, *TransUnion LLC v. Ramirez,* 141 S.Ct. 2190, 2208 (2021) ("Every class member must demonstrate standing *before* a court certifies a class.")

*Sch. Bus Contractors Ass'n, Inc.,* 286 Md. 324, 327-28, 407 A.2d 749, 752 (1979); *Ficker*, 266 Md. at 507; *United Bd. of Carpenters v. United Slate Tile & Composition Roofers*, 181 Md. 280, 282, 29 A.2d 839, 840 (1943).

In this case, the amended complaint makes clear that Plaintiffs prevailed in their challenge to the seizure and impoundment of the Dogs, pursuant to the Pit Bull Ordinance, during the County's administrative review process. ECF No. 7 at ¶¶ 297-299 (acknowledging that Plaintiffs participated in an administrative hearing before the Commission on August 10, 2022.). As discussed above, the unrebutted evidence before the Court shows that the Commission concluded that Plaintiffs' Dogs are not Pit Bull Terriers, or dogs that are subject to the Pit Bull Ordinance, based upon evidence that Plaintiffs provided regarding the breed of the Dogs.[5] ECF No. 21-1. Given this, Plaintiffs' dispute with the Defendants regarding the enforcement of the Pit Bull Ordinance is no longer "live," because Plaintiffs have participated in the administrative review process and successfully challenged the enforcement of the Pit Bull Ordinance.

For similar reasons, Plaintiffs' reasonable accommodation claim under the Fair Housing Act is also moot. Again, it is undisputed that the County has returned the Dogs to Plaintiffs. Given this, Plaintiffs have not been denied reasonable accommodation, by being "forced to be without their dogs for a significant period of time," as they allege in the amended complaint. ECF No. 7 at P 437. And so, the Court must also DISMISS Plaintiffs' claims in this matter as moot.

## V. CONCLUSION

In sum, the amended complaint makes clear that Plaintiffs lack standing to pursue their claims in this putative class action, because they cannot show an injury in fact related to the County's enforcement of the Pit Bull Ordinance. Plaintiffs' claims in this matter are also moot, because the County has returned the Dogs to Plaintiffs and Plaintiffs have been afforded due

---

[5] Plaintiffs argue that the Commission did not declare the Dogs to not be Pit Bulls, but, rather, only that the evidence did not support the alleged violations. ECF No. 50 at 14. But, the factual record shows that Plaintiffs presented evidence to show that the breed of the Dogs is not Pit Bull Terrier during the Commission's administrative hearing and that the Commission was persuaded by this evidence.

process through the County's administrative process.   And so, for the forgoing reasons, the Court:

1. **GRANTS** the Defendants' motion to dismiss;

2. **DENIES** as moot Plaintiffs' motion for temporary restraining order (ECF No. 20);

3. **DENIES** as moot Plaintiffs' motion to strike ECF No. 29 (ECF No. 30);

4. **DENIES** as moot Plaintiffs' motion for partial summary judgment (ECF No. 41);

5. **DENIES** as moot Plaintiffs' motion to intervene (ECF No. 19); and

6. **DISMISSES** the amended complaint.

A separate Order shall issue.

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge